**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Martinsburg**

**DANIEL BARNES**,

      Plaintiff,

v.                                              **Civil Action No. 3:10-CV-72**
                                                     Judge Bailey

**THE HARTFORD** and **CONTINENTAL CASUALTY COMPANY**,

      Defendants.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT
AND GRANTING MOTION TO DISMISS CLAIMS FOR
EXTRA-CONTRACTUAL DAMAGES AND TO STRIKE JURY DEMAND**

Pending before this Court are Plaintiff's Motion for Default Judgment against Continental Casualty Company (Doc. 4) and Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Claims for Extra-Contractual and Punitive Damages and Motion to Strike Plaintiff's Demand for a Jury Trial (Doc. 7).

This action was filed on July 26, 2010, asserting that the defendants improperly and maliciously terminated the plaintiff's long term disability coverage. As an employer provided plan, this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

With respect to the default judgment motion, the plaintiff asserts that "service was accomplished pursuant to Rule 4(h)(1)(A) & (B) of the Federal Rules of Civil Procedure. These provisions provide as follows:

1

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1)  in a judicial district of the United States:

(A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

In this case, it is patently clear that (h)(1)(B) was not used, since the summons and complaint were not delivered, but rather sent by certified mail. Rule 4(e)(1) provides that:

**(e) Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Inasmuch as the plaintiff appears to have been proceeding under West Virginia law in attempting to achieve service, reference to the West Virginia Rules of Civil Procedure is appropriate. An examination of West Virginia's Rule 4, however, discloses that the only provision for service on a corporation by certified mail is by having the Clerk send the summons and complaint by certified mail, return receipt requested, and delivery restricted to the addressee. This procedure was not followed in this case, and, accordingly, there is not valid service upon which to support a default judgment. The motion for default judgment must be denied.

Even had service been proper, this Court would have denied the default judgment. On the day following the filing of the plaintiff's default motion, defendant Hartford filed Defendant's Response to Plaintiff's Motion for Default Judgment against Continental Casualty Company (Doc. 6). Attached to that response are three exhibits. Exhibit A (Doc. 6-1) is an email from defense counsel[1] to plaintiff's counsel dated September 2, 2010 at 3:45 p.m.: (1) confirming that the plaintiff would stipulate to a change in the caption to reflect the proper names of the defendants; (2) that plaintiff's counsel would confer with his client to see if the client would agree to withdraw the demand for jury trial and punitive damages; and (3) agreed to an extension of time in which to respond to the complaint.

Exhibit B (Doc. 6-2) is another email, sent the same day at 4:07 p.m., providing case law authority concerning jury trials, extra-contractual damages, and punitive damages. Exhibit C (Doc. 6-3) is an email dated September 20, 2010, enclosing a stipulation which had been discussed by the parties in which the parties agree to dismiss Continental Casualty Company from the case with prejudice. While this stipulation appears to have never been executed, given these negotiations, this Court would not grant default judgment even had service been proper.

With respect to the defense motion, to which the plaintiff has not filed a response, the weight of authority in this District and the Fourth Circuit compels a finding that the plaintiff is not entitled to extra-contractual damages, punitive damages, and a jury trial in a case of this type. **Farrie v. Charles Town Races, Inc.**, 901 F.Supp. 1101 (N.D. W.Va.

---

[1] It should be noted that defense counsel filed a notice of appearance on behalf of both defendants (Doc. 5).

1995); *Tingler v. Unum Life Ins. Co.*, 2003 WL 1746202 (S.D. W.Va. April 2, 2003) citing *Mass. Mutual Life Ins. Co. v. Russel,* 473 U.S. 134, 148 (1985) (holding that ERISA does not provide a cause of action for extracontractual damages caused by improper handling of claims); *Reinking v. Phila. Am. Life Ins. Co.,* 910 F.2d 1210, 1219-20 (4th Cir. 1990) (denying claim for extracontractual damages for emotional distress), *overruled in part on other grounds*; *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1030 (4th Cir. 1993); *Grover v. Cent. Benefits Nat'l Life Ins. Co.,* 876 F.Supp. 826, 829 (S.D. W.Va. 1995) (Haden, C.J.); *Farrie, supra*; *Abels v. Kaiser Aluminum & Chem. Corp.,* 803 F.Supp. 1151, 1152-53 (S.D. W.Va. 1992) (Haden, C.J.) (neither punitive damages nor trial by jury are available under ERISA; *Berry v. Ciba-Geigy Corp.,* 761 F.2d 1003, 1007 (4th Cir. 1985).

Accordingly, defendant's Motion will be granted and claims for extra-contractual damages, punitive damages and a jury trial will be stricken from the Complaint.

For the reasons stated above, Plaintiff's Motion for Default Judgment against Continental Casualty Company (Doc. 4) is **DENIED** and Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Claims for Extra-Contractual and Punitive Damages and Motion to Strike Plaintiff's Demand for a Jury Trial (Doc. 7) is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record.

**DATED**: January 10, 2011.

／s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE